W. Matthias Ritter *v.* The Preferred Masonic Mutual.
Accident Association of America, Appellant.

*Insurance—Accident insurance—Definition of word " immediately."*

In an an action upon a policy of accident insurance, where it appears
that the policy insures against loss of time resulting from bodily injuries
which shall " independently of all other causes immediately, wholly and
continuously disable " the insured, it is not error for the court to charge
that the word " immediately " does not mean instantaneously, but that it
means that the disability must have resulted within a reasonable time after
the injury, and that such reasonable time would be, under the circum-
stances of the case, three or four days.

Argued Jan. 31, 1898.   Appeal, No. 112, Jan. T., 1897, by
defendant, from judgment of C. P. Lehigh Co., April T., 1896,.
No. 98, on verdict for plaintiff.   Before STERRETT, C. J.,
GREEN, WILLIAMS, DEAN and FELL, JJ.   Affirmed.

Assumpsit upon a policy of accident insurance.   Before AL-
BRIGHT, P. J.

At the trial it appeared that the policy in suit contained the
following clause:

" (1) In the sum of $25 per week against loss of time, not
exceeding 52 consecutive weeks, resulting from bodily injuries
incurred as aforesaid other than such as result in the loss of one
or both hands, feet or eyes, which shall, independently of all other
causes, immediately, wholly and continuously disable him from
transacting any and every kind of business pertaining to his
occupation as above stated."

The policy also provided that the insurance should not cover
injuries of which there was no visible mark on the body of the
insured.

The testimony for plaintiff tended to show that on July 5,
1894, the plaintiff while pulling a wagon fell backward on the
ground.   As he got up he felt a sharp pain in his back a little
above the hip.   The pain soon left him, and he set up a step
ladder in the open wagon, and for an hour and a half picked
cherries, standing on the ladder.   For two days he was able to
attend to his business as a real estate and insurance agent, but
at the end of the third day he began to feel a pain in his back,.

and subsequently became paralyzed in his lower limbs. The evidence of one of the physicians who attended him was that there was a mark upon the plaintiff's back which indicated that the skin had been bruised.

The court charged in part as follows:

If all this testimony is believed, as to the manner of the plaintiff's injury, and that the fall was accidental, and that there was a visible mark on his body resulting from the hurt and the accident—which mark you will bear in mind he did not testify to; he could not, the alleged injury being on his back where he could not see it—if all that is proved, and the disablement was independent of any other cause, and was a total disablement so that he was continuously disabled, then the plaintiff may recover.

There is a contention as to the meaning of the word immediate as used in this policy. One contention is that by the word "immediate" here is meant direct; owing to a particular cause, and no other cause. Against this it is insisted that the word "immediately" here means instantly. [The court is of the opinion that the word immediately, as here used, is to be taken as an adverb of time, and that it here relates to the time of the disability, and that it is here used in the sense of instantly, or at once, but that, owing to the nature of the contract which these parties made there is not to be attached to it the strict idea that it means instantaneously, or at the same time, but that it seems that the disability must have resulted within a reasonable time after the hurt.] [8]

[This policy undoubtedly covers cases of disability other than those where a man is immediately and absolutely paralyzed by a blow or a fall, or where he is so injured that he cannot for even an instant afterwards do anything in the line of his business. The court is of the opinion that it means disability resulting within a reasonable time after the injury. There might be the case of a man who immediately upon being hurt would be unable to attend to his business, and there might be cases where, a few minutes afterwards or a few hours afterwards, the disability would ensue; and there might be other cases where in a month or a year afterwards results might appear which would disable a man, and which could be traced to the injury received a month or a year before.] [9]

[By the use of this term " immediately " the parties no doubt meant something; they manifestly meant to exclude the idea of liability on the part of the company to pay $25.00 a week if a man should be hurt to-day but attended to his business for a whole year afterwards and then the disability ensued. In this case it appears from the testimony of the plaintiff that he went to his office on the first and second day after the fall, and that he attended to some slight matters of business; all that we know that he attended to directly is the receipt of rent from a few persons, and then, if you believe the testimony of the plaintiff and his wife, he practically on Sunday evening, the evening of the third day after the fall, became disabled so that manifestly he could not attend to his business of real estate and insurance agent, and the court is of the opinion that if the disability resulted, as has been testified to here, on the third day afterwards, and that there was a continuous ailment and pain felt from the time of the fall, and that it continued to grow worse until it became so serious that the man was compelled to lie down and could not walk, we think this requirement of the policy has been met, and that the jury may say that the disability resulted immediately, and when the court says this we are aware of the fact that it is not for the jury to say whether it occurred in a reasonable time. What is reasonable time in a matter of this sort is a question for the determination of the court, and the court say to you that reasonable time would be three days, or four days, under the circumstances of this case as the plaintiff's testimony discloses it.] [10] Therefore, gentlemen of the jury, you will inquire whether it is proved that the plaintiff was disabled from transacting any and every kind of business pertaining to his occupation of real estate and insurance agent, and whether his disability resulted altogether from the cause alleged, and whether he was continuously disabled. If he recovers he can recover only for the weeks that he was continuously disabled, that is, for the weeks that the disability was continuous from the beginning. For instance, if a man were disabled and got well so that he could attend to his business again, and then had a relapse and was disabled again, such subsequent time would not come in under the policy. You will decide whether the disability which, it seems, resulted on the third or the fourth day was the certain result of the fall, and

whether the injury sustained by that fall continued all the time as the plaintiff says it did. I have already said to you that this policy covers only a case of external accidental injuries. The plaintiff has based his claim upon the injury resulting from his fall; if he has not proved that his injuries resulted from that fall he cannot recover, and it must, of course, appear that it was accidental; if a man was to fall intentionally for the purpose of hurting himself to lay ground for a claim against an insurance company he could not recover; but there is no allegation here that there was any such attempt at fraud.

Gentlemen of the jury, in the course of my instructions to you I have stated what it is necessary for the plaintiff to establish in order to entitle him to recover; those requirements were not stated consecutively; they were stated in different parts of the charge as the ideas occurred to me upon the reading of the policy and an examination of the testimony, but it is believed that all the requisite instructions have been given; [if the plaintiff has proved all that I have informed you to be necessary to entitle him to recover, you will find for the plaintiff; if he has not proved all of those things your verdict will be for the defendant.] [11] If you find for the plaintiff it will be for $25.00 a week during the time he was disabled totally from attending to his business continuously, and the plaintiff has stated that he claims interest; if the plaintiff is entitled to recover he is entitled to interest from the time that the benefits became due; if he has proved that he is entitled to recover for the fifty-two weeks he is entitled to recover $1,300 with interest from the beginning of July, 1895.

Verdict and judgment for plaintiff for $1,421.26. Defendant appealed.

*Errors assigned* among others were (8–11) above instructions, quoting them.

*James S. Biery*, for appellant—The case was for the court, and it should have directed a verdict for defendant: Nelson v. Von Bonnhorst, 29 Pa. 354; Singerly v. Thayer, 108 Pa. 297; Northwestern Ins. Co. v. Phœnix Oil, etc., Co., 31 Pa. 448; Williamson v. McClure, 37 Pa. 402.

In Whitehurst v. N. C. Ins. Co., 78 Am. Dec. 246, 7 Jones'

Law, 433, the court said that the words "forthwith" and "immediate," were synonymous, and that it meant on that day or the next at the furthermost. And the same doctrine is laid down in St. Louis Ins. Co. v. Kyle, 49 Am. Dec. 77, 11 Mo. 278.

In the case of Streeter v. Streeter, 43 Ill. 165, the word "immediate" was construed by the Supreme Court of the state of Illinois, to mean instantly.

Can the Court afford to set a bad precedent and make a new contract for the parties because it would work a hardship to do otherwise? This is well illustrated in the cases of Saveland v. Fidelity & Casualty Co., 67 Wis. 174, 58 Am. Reps. 865, and Williams v. Preferred Mut. Accident Assn., 17 S. E. Rep. 982.

In the case of Merrill v. Travelers' Ins. Co., 64 N. W. 1039, 25 Ins. Law J. 143, 91 Wis. 329, which is a case wherein the wording of the policy in question was identical with that in the case of Williams v. Assn., 17 S. E. Rep. 982, and the case at bar, the Court said that the plaintiff was not immediately and wholly disabled from transacting any and every kind of business pertaining to his occupation, there having been a period of about two months, during which time the plaintiff was partially disabled.

*Frank M. Trexler*, for appellee.—It is a well recognized principle in the construction of contracts of insurance that the interpretation is to be adopted which is most favorable to the insured : Hoffman v. Ætna Fire Ins. Co., 32 N. Y. 405; Teutonia Ins. Co. v. Mund, 102 Pa. 89; Machine Co. v. Ins. Co., 173 Pa. 53; Ins. Co. v. Cropper, 32 Pa. 351; Ins. Co. v. Berger, 42 Pa. 285 ; Merrick v. Ins. Co., 54 Pa. 277 ; Franklin Ins. Co. v. Brock, 57 Pa. 74; Ins. Co. v. O'Maley, 82 Pa. 400 ; Ins. Co. v. Drach, 101 Pa. 278; Burkhard v. Ins. Co., 102 Pa. 262; Grandin v. Ins. Co., 107 Pa. 26 ; Humphreys v. Assn., 139 Pa. 264; Bole, Assignee, v. New Hampshire Ins. Co., 159 Pa. 53 ; McKeesport Machine Co. v. Ben Franklin Ins. Co., 173 Pa. 53.

The word "immediately," although in strictness it excludes all meantimes, yet to make good the deeds and intents of parties it shall be construed such convenient time as is reasonably requisite for doing the thing: Pybus v. Mitford, 2 Lev. 77; Thompson v. Gibson, 8 M. & W. 281; Page v. Pearce, 8 M. &

W. 677; Gaddis v. Howell, 31 N. J. Law, 313; Carpenter v. Ins. Co., 135 N. Y. 298; Young v. Travellers' Ins. Co., 13 Atl. Rep. 897.

PER CURIAM, March 21, 1898:

This case was carefully and correctly tried. We find nothing in the record that would justify us in sustaining either of the specifications of error; nor do we think that any of them requires special notice.

Judgment affirmed.