Clark v. The Pacific Mut. Life Ins. Co. 185 Ill. App. 580.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 82*—*when written declarations of agent of employer inadmissible.* In an action to recover wages where the defense was that plaintiff had been discharged for cause, a letter signed by an agent of defendant stating that plaintiff's services were satisfactory and that he was considered honest, industrious and reliable, *held* improperly admitted in evidence as an admission of defendant, where there was no affirmative evidence establishing the agency of the person writing it other than the declaration of the agent.

2. EVIDENCE, § 177*—*declarations of agent.* Declaration of an agent to be admissible against his principal must be of his own knowledge and not a mere expression of opinion.

---

## Amos H. Clark, Appellee, v. The Pacific Mutual Life Insurance Company of California, Appellant.

### Gen. No. 19,253. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed March 31, 1914. Rehearing denied April 15, 1914. *Certiorari* denied by Supreme Court (making opinion final.)

### Statement of the Case.

Action by Amos H. Clark against The Pacific Mutual Life Insurance Company of California, a corporation, to recover a sum claimed by plaintiff to be due him under an accident insurance policy issued to plaintiff by the defendant. The policy insured the plaintiff "against bodily injuries effected directly through external, violent and accidental means," and provided payment of a weekly sum for loss of time resulting from such bodily injuries causing immediate, continuous and total disability of the insured from the date of the injury. To reverse a judgment in favor of plaintiff for one thousand two hundred dollars and costs, defendant appeals.

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

GEORGE H. MASON, for appellant.

WILLIAM J. LACEY, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 433*—*effect of limitation of liability in accident policy to "continuous" disability.* Where an accident insurance policy provided payment of a weekly indemnity for continuous disability, *held* that an interruption of eight days, during which the insured made an effort to work at his usual occupation on advice of a physician, did not destroy the continuity of his disability so as to preclude further recovery, it appearing that the general intention of the policy was to provide an indemnity if by accidental injury the ability of the insured to earn money should be suspended by a disability to earn money by his personal exertions.

2. INSURANCE, § 665*—*sufficiency of evidence to show waiver of provision limiting time to sue.* Slight evidence is sufficient to establish a waiver of a condition in a policy as to the time suit must be brought on policy.

3. INSURANCE, § 550*—*when provision limiting time to sue waived.* A provision in an accident policy that suit cannot be brought thereon after a certain time from the date of filing proofs of disability, *held* waived where an officer of the insurance company requested the insured to wait and see the general adjuster and he was unable to see him until the limitation period had expired.

4. INSURANCE, § 518*—*when terms of receipt for insurance money not conclusive.* Signing of a receipt indorsed on the back of a check for money due under a policy, *held* not to have the effect in law of acknowledging full satisfaction and final settlement of all claims accrued or to accrue under the policy, and the terms of such receipt *held* subject to contradiction and explanation like any other receipt.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.