(82 South. 462)

## UNITED STATES CASUALTY CO. v. PERRYMAN. (6 Div. 421.)

(Supreme Court of Alabama. May 15, 1919. Rehearing Denied June 19, 1919.)

1. INSURANCE ⬤⟾524—ACCIDENT INSURANCE —CONSTRUCTION OF POLICY—TOTAL DISABLEMENT.

Under accident policy defining total disablement as "continuous disablement and inability from date of accident," etc., there can be no recovery for total disablement following a period of partial disablement.

2. TRIAL ⬤⟾296(13)—INSTRUCTIONS—CORRECTION.

In action on accident policy, instruction defining total disablement as inability to perform "any material or substantial part of his duties" was cured by subsequent instruction calling jury's attention to former incorrect statement, and charging that there was no total disablement unless insured was disabled "from performing any and every material and substantial duty."

3. INSURANCE ⬤⟾524—ACCIDENT INSURANCE —"TOTAL DISABLEMENT."

Insured was totally disabled within policy defining total disablement as inability "to perform any and every business duty or occupation," though on different occasions he went to his place of business and attempted to perform some of his duties, where he had to desist therefrom; the attempt being an error of judgment and indiscretion.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Total Disability.]

4. INSURANCE ⬤⟾524—ACCIDENT INSURANCE— "TOTAL DISABLEMENT."

Total disability may exist under policy defining total disablement as inability "to perform any and every business duty or occupation," though it is physically possible for insured to perform occasional acts as part of his employment or business; it being unnecessary that insured be confined to his room, home, or hospital for entire period for which he claims total disability.

5. INSURANCE ⬤⟾524—ACCIDENT INSURANCE —TOTAL DISABILITY—INSURER'S REFUSAL TO ATTEMPT PERFORMANCE OF DUTIES.

Insured's failure or refusal to attempt to do or perform any act relating to or connected with his business would not have precluded insurer from proving that the injury or accident was not such as to cause total disability.

6. INSURANCE ⬤⟾524—ACCIDENT—TOTAL DISABILITY—ESTOPPEL.

Insured's attempt to perform some of the duties of his employment, where in fact he ought not have made such attempt, did not estop him from showing that he was totally disabled during such period.

7. INSURANCE ⬤⟾524—ACCIDENT INSURANCE —TOTAL DISABILITY—WAGES.

That insured received wages from his employer during the period of time for which he claimed total disability did not of itself preclude his right to recover as for such total disability.

8. INSURANCE ⬤⟾550 — ACCIDENT — NOTICE — ESTOPPEL.

Insured, by giving notice and claim for loss for specified period of total and partial disability, did not estop himself from subsequently giving another notice and claim of loss for a longer period, where insurer did not act upon first claim to its detriment or injury.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by William J. Perryman against the United States Casualty Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Tillman, Bradley & Morrow and E. L. All, all of Birmingham, for appellant.

Stokely, Scrivner & Dominick, of Birmingham, for appellee.

MAYFIELD, J. This is an action on an accident insurance policy. The injury complained of was a strain or sprain of the knee of the insured. The plaintiff recovered the full amount of the policy, and from the judgment in his favor the insurance company appeals.

The main insistence as to error is that the judgment was excessive, and that this was induced by erroneous rulings of the court in construing the policy.

As to the meaning of the phrases "total disablement" and "partial disablement," they are used and defined in the policy of insurance sued upon as follows:

"(a) Continuous disablement and inability from date of accident to perform any and every business duty or occupation—hereinafter called total disablement.

"(b) Continuous disablement and inability (either from date of accident or immediately following a period of total disablement) to perform one or more but not all of the material duties of business or occupation—hereinafter called partial disablement."

The policy provided for the payment to the insured of $25 per week for total disablement, and of $12.50 per week for partial disablement. The jury evidently awarded damages for total disablement for the period of 29 weeks or more, and for partial disablement for 21 weeks or more, and also for surgeon's fees, which were provided for in the policy under certain conditions.

The insurance company contends that the policy was improperly construed by the trial court. The points of error claimed by appellant are well and succinctly stated in brief of its counsel, together with the authorities sustaining the propositions. They are as follows:

"Point 1. 'Continuous disablement and inability from date of accident to perform any and

---

every business duty or occupation,' means continuous disablement and inability immediately resulting from the accident. If after the accident there is no period of disability at all immediately following, or if after the accident there is a period of partial disability before a period of total disability commences, there is no total disability from date of accident, within the meaning of the policy. Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377; 4 Cooley's Briefs on Insurance, pp. 3168, 3169; Williams v. Preferred Ass'n, 91 Ga. 698, 17 S. E. 982; Merrill v. Travelers' Ins. Co., 91 Wis. 329, 64 N. W. 1039; Ritter v. Accident Ass'n, 185 Pa. 90, 39 Atl. 1117.

"Point 2. Within the meaning of a provision in an accident insurance policy designating total disability as 'continuous disablement and inability from date of accident to perform any and every business duty or occupation,' the term 'from date of accident' must be considered as an adverb of time and not causation, and said term does not mean a reasonable time after the accident, but means presently, or without any substantial interval between the accident and the total disability. Authorities under point 1, supra.

"Point 3. Under the terms of the policy sued on there can be only one period of total disability recovered for. If there is a period of total disability, followed by a period of partial disability, afterwards there is another period of total disability, there can be no recovery for the latter period of total disability, as such.

"Point 4. Under the terms of the policy sued on, if a period of total disability is interrupted by a period of partial disability, there can be no recovery on account of any total disability after such period of partial disability.

"Point 5. Under the terms of the policy sued on, if a period of partial disablement breaks the continuity of total disablement, no recovery can be had for any total disablement after such period of partial disablement.

"Point 6. Under the undisputed evidence, plaintiff's total disability, if any, did not commence 'from date of accident'; hence there can be no recovery in this case for total disability.

"Point 7. Under the undisputed evidence, there was a period or periods of only partial disability, on the part of plaintiff, during each of the months of February, March, April, and May, 1914. After the first period of this partial disability, there should not have been any recovery thereafter on account of total disability, and the verdict is excessive to the extent that the jury, in awarding damages, compensated the plaintiff for total disability after a period or periods of partial disability had intervened.

"Point 8. It was the duty of the plaintiff, upon making claim of the defendant, to furnish proof of disability showing the respective periods of total and partial disability with accuracy, and his failure to do so would defeat his right of recovery, provided the insufficiency of the proofs in this regard were pointed out to him, and he thereafter failed or refused to amend the proof so as to show the respective periods of total and partial disability, or to find new proof furnishing such information.

"Point 9. The plaintiff, in his proofs of loss which he presented to the company, did not point out the respective periods of total and partial disability, either in the first instant or after the proofs were called to his attention and their insufficiency in this regard pointed out. The defendant is therefore entitled to the general affirmative charge."

Appellant then insists that the undisputed evidence shows that under these definitions there never was any "total disability," because insured performed some of his duties for some time after the date of the accident; that his disablement was partial only, at best, during the period claimed; that if there was ever a total disablement, within the terms of the policy, it ceased when insured performed part of his business or duties; and that if he thereafter became totally disabled from performing any of his duties or business, he could not recover as for total disablement, but at best only as for partial disablement, though in fact he was totally disabled; this, because the total disablement was not in such case "continuous from date of accident."

[1] We find no reversible error in any of the instructions given to the jury by the trial court. The court instructed the jury correctly as to the beginning and ending of the periods of total and partial disablement. We here quote a part of the oral charge (and there were written charges to the same effect):

"So it will be your duty, if you find for the plaintiff in this case, to ascertain and determine from the evidence what period, if any, the plaintiff was totally disabled for, the plaintiff was disabled for, what period, if any, that he was partially disabled for, because his amount of recovery, if he is entitled to recover, would be determined—the amount that he would be entitled to recover, if anything, would be governed by whether or not he was partially disabled or totally disabled. Now, under the terms of this policy, gentlemen, if you should find from the evidence that the plaintiff was partially disabled for any period of time, then after such period of partial disablement he would not be entitled to recover anything for total disablement, although you should find from the evidence that after such period of partial disablement he was totally disabled, because this policy provides that the total disablement—it must be continuous disablement and inability from the date of accident to perform any business duty or occupation. In other words, if the—if you should find from the evidence that he was partially disabled for any period of time, then, although after that time he was—you should find from the evidence he was totally disabled, he could not be entitled to recover under this policy for any period of total disablement which was subsequent to any period of partial disablement, after a period of partial disablement, even though total disablement, he could not receive pay for but partial disablement because under the terms in this contract, which is a contract which the parties entered into. It is a question of fact under the evidence in this case for you to determine for what period, if any, the plaintiff was totally disabled, what period, if any, he was partially disabled."

Appellant certainly has no cause to complain as to this part—and does not, except that it contends that the evidence without

dispute shows that there was no total disablement within the meaning of the policy.

The defendant did except to two propositions stated in the oral charge of the court which defined total and partial disablement. The first of these propositions was as follows:

"Now, if you should find from the evidence the date of the accident that the plaintiff was unable, disabled from performing any material or substantial part of his duties under his employment, then—if you should find from the evidence those facts, that he was unable and disabled as a proximate consequence of this accident from performing any of the material and substantial duties of his employment, then he would be totally disabled and would be entitled to recover for such total disablement from the date of the accident."

The second proposition was as follows:

"In determining as to whether or not he was partially disabled, if you should find from the evidence that he was able to perform a material and substantial part of the duties of his employment, then he would be—any material or substantial part of the duties of his employment, then he would be only partially disabled under the provisions of this policy, and it is important under the provisions of this policy that you should determine those facts because the amount of his recovery is based, of course, on whether or not he was totally or partially disabled."

The court, when the exception was reserved, corrected the first proposition as follows:

"I will correct that portion of my oral charge which has just been read to you. I am glad Mr. All called my attention to it because it is not what I intended to say and it is not a correct statement. If he was totally disabled as a proximate consequence of this accident from performing any and every—I said any, but I mean that if he was disabled proximately by this accident from performing any and every material and substantial duty of his employment that it would be a total disability."

[2] The first proposition was cured of any error or misleading tendency by the correction shown above; certainly, so far as appellant was concerned. If there was any error, it was not prejudicial but beneficial to the defendant.

The text-books and adjudged cases have thus spoken as to "total disability," as the term is used in accident policies:

"Total disability depends upon the circumstances of each case. While the language of the policy is to be considered, the occupation of the insured and facts in each case are also to be considered. Total disability does not mean absolute physical disability, and may exist though insured can perform occasional acts, if he is unable to do any substantial portion of the work connected with the occupation. * * * Where insured worked two months after receiving the injury it was held there was no continuous disability. An interruption of 8 days, during which insured made an effort to work, on the advice of his physician, does not destroy the continuity of his disability. And an accident policy which provides for indemnity on total disability by reason of injury which shall immediately disable insured, does not cover such disability which did not wholly disable insured for 22 days after the accident." 2 Bacon on Life & Accident Ins. § 542; Ætna Life Ins. Co. v. Lasseter, 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; Cont. Cas. Co. v. Wate, 101 Tex. 102, 105 S. W. 35; Clark v. Pac. Mut. L. Ins. Co., 185 Ill. App. 580; Laventhal v. Fid. & Cas. Co., 9 Cal. App. 275, 98 Pac. 1075.

These propositions are not in conflict with, but are in accord with, the decision of this court in the case of Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 South. 352, Ann. Cas. 1914D, 377, wherein it is said:

"The terms 'at once' and 'immediately,' as used in the accident policies, in dealing with the nature and character of the disability, have been construed by a majority of the courts as adverbs of time and not causation, and that they do not mean a reasonable time, but mean presently or without any substantial interval between the accident and the disability. 1 Encyc. L. & P. 332; 4 Cooley's Briefs on Ins. pp. 3168, 3169."

The appellant contends that as the evidence is without dispute that during the period of time claimed as total disability the insured went to his office and attempted to perform and did perform a part of his duties, which were those of traveling salesman and shipping clerk for a mercantile business, that this is conclusive against the insured, and that his disability after he attempted or did perform a part of his duties was not total.

We are not willing to hold that such facts, though without dispute, are conclusive against the insured. There is abundant evidence that plaintiff's injuries were such as to make a total disablement for the period claimed, viz. from the date of the injury, February 9, 1914, to October 28, 1914.

The affidavit as to the loss and injury, and testimony of some of the physicians who attended the insured, was in part as follows:

"He was * * * necessarily and wholly unable to do any work at his occupation, above stated, for 29 weeks and 5 days, from February 9, 1914, to and including October 28, 1914."

[3] This evidence was not wholly overcome or explained by cross-examination of insured and the physicians. It is true, as before stated, that during this period the insured did go to his office and the store, and on several occasions attempted to perform some of his duties, and in a way did assist in discharging some parts of these duties, but had to desist therefrom. His evidence, together with that of the physicians and other witnesses, show that he ought not to have so attempted to perform those duties during the periods as to which the claim for total disability is made. He

was, within the meaning of the policy, totally disabled, notwithstanding he did during the period, on different occasions, go to his office or place of business and attempt to perform some of those duties. If the testimony of the doctors is true, and they were doctors of unquestioned veracity and ability, this attempt of the insured was an error of judgment and indiscretion on his part.

[4] The meaning of the quoted provisions of the policy is not that the injury or accident which shall entitle the insured to pay as for a total disability shall be such as to render it physically impossible for him to perform or discharge any of the duties of his business or employment. Total disability may exist though it is physically possible for insured to perform occasional acts as part of his employment or business. It is not necessary that the injury or accident shall be such as to make it absolutely necessary that insured stay in his room, home, or hospital during the entire period for which he claims total disability.

In construing the provisions of an accident policy somewhat similar to the one now under consideration, it was said by the Supreme Court of Maine in the case of Young v. Travelers' Ins. Co., 80 Me. 244, 13 Atl. 896, which is quoted with approval by Mr. Bacon in his work on Accident Insurance:

"The object to be accomplished by this contract was indemnity to the plaintiff for loss of time from being wholly disabled from prosecuting his business by an injury received as specified in the policy. He was not able to prosecute his business unless he was able to do all the substantial acts necessary to be done in its prosecution. If the prosecution of the business required him to do several acts and perform several kinds of labor, and he was able to do and perform one only, he was as effectually disabled from performing his business as if he could do nothing required to be done, and while remaining in that condition he would suffer loss of time in the business of his occupation. * * * To entitle the plaintiff to recover, he was not required to prove that his injury disabled him to such an extent that he had no physical ability to do what was necessary to be done in the prosecution of his business, but that it was sufficient if he satisfied them [the jury] that his injury was of such a character and to such an extent that common care and prudence required him to desist from his labors and rest so long as it was reasonably necessary to effectuate a speedy cure —so that a competent and specified physician called to treat him would direct him so to do." 2 Bacon on Life & Accident Ins. § 554.

The same author further quotes from a decision of the Supreme Court of another state, as follows:

"The words totally disabled, permanent disability, wholly disabled, are to have a reasonable construction. The Supreme Court of Oklahoma cites with approval the following definition: 'Total disability does not mean absolute physical disability on the part of the insured to transact any kind of business pertaining to his occupation. Total disability exists, although the insured is able to perform a few occasional acts, if he is not able to do any substantial portion of the work connected with his occupation. It is sufficient to prove that the injury wholly disabled him from the doing of all substantial and material acts necessary to be done in the prosecution of his business, or that his injuries were of such a character and degree that common care and prudence required him to desist from his labors so long as was reasonably necessary to effect a speedy cure.' The Missouri Court of Appeals has said: 'But stress is laid by defendant's able counsel upon a part of the clause above set out which itself assumes to define what is meant by wholly disabled, wherein it is said that the assured must be totally unable to perform any part of his duties. We do not consider that such provision has any material control over the other portion of the clause. When parties enter into a contract it must be assumed that they intended that which in certain events or contingencies would mean something and have some effective force. And so it has been held that if a promissory note reads that, A. promises not to pay B. $100, the word "not" will be disregarded, since the parties must have meant something by the execution of the note. The occupation of a merchant calls for both mental and physical exertion. If "wholly disabled" means that he shall, literally, be totally unable to perform any part of his business, then mental capacity exercised is merely directly, in a single instance a matter the most trivial, as, for instance, to sweep the floor, or the physical effort of doing it himself, would bar a recovery on the policy. Total mental disability means that one must have his mental faculties entirely suspended; and total physical disability means the loss of power to move. It cannot be that the parties intended that before an assured could recover on the policy he should lie the full period of his injury in a state of coma. To interpret the clause in its contractual sense, as defendant seeks to have us do, would render the contract utterly useless to an assured and would be nothing short, practically speaking, of collecting a premium without rendering a consideration. We therefore find ourselves driven back to the position taken by the authorities on the construction of the first part of the clause, viz., that the disability meant is a disability as to the performance of any substantial part of the business.' These views have met with general approval." 2 Bacon on Life & Accident Ins. § 555.

[5, 6] If the insured had failed or refused to attempt to do or perform any act relating to or connected with his business, this would not have precluded the company from proving that the injury or accident was not such as to cause total disability within the meaning of the policy; neither should the fact that he attempted to so perform when in fact and in truth he ought not to have done so, and when the accident or injury was such as to create or produce total disability, preclude the insured from showing the truth of the matter, although it was contrary to what he himself, at the time he attempted to perform the labor, thought of the accident or injury. Estoppels must be mutual. There is nothing inconsistent in the position

assumed and maintained by the insured in this case, if he was honest and candid when he claimed different periods of time as for total disability and of partial disability. There is abundant evidence to show that he was acting honestly and candidly in making both claims as to his knowledge of the character, nature, and extent of his injuries on the two occasions. Of course, the injuries must have been the result of an accident within the terms of the policy, and not the result of his own fault or other cause not within the terms of the policy. He cannot by his own subsequent wrong or fault increase the injury or so extend the time of disability.

The evidence tends to show that the accident was really serious from the very beginning, even before it was known to the plaintiff or his attending physicians; the character of the injury being a strain or sprain of the kneejoint, consisting of the breaking or rupture of some of the ligaments which held the joint in place. Plaintiff at first paid little attention to it, thinking it not serious or important, and without thinking it serious enough to bring it within the terms of the policy, either as to a total or partial disability; but the pain soon increased, the use of the limb becoming difficult, and when he did consult a physician it was found to be more serious than plaintiff thought. On further examination and treatment by the physicians it was found to be much more serious than they first thought it to be, and finally resulted in a surgical operation being necessary, which the physicians claim was of such a nature and extent as to be classed as a total disability from the beginning, though the plaintiff and doctors at first thought differently of it.

[7] The fact that insured received wages from his employer during the period of time for which he claimed total disability did not of itself preclude his right to recover as for such total disability. If the accident and injury insured against was such as to entitle the insured to recover as for total disability, it was no concern of the insurance company that the employer of the insured continued to pay a part or the whole of the wages due the insured during the period of total disability. Of course, the policy could have provided that the insured should not be entitled to receive or recover from the insurance company except what he lost in the way of wages, or salary, during the periods of disability, but this policy did not so provide.

It follows that there was no error in submitting the question to the jury under all the evidence as to whether or not plaintiff was entitled to recover as for total disability, and, if so, for what length of time. We find ample evidence in this record to support the verdict of the jury as for the amount of damages recovered, and hence there was no error in denying the motion for a new trial on the ground that the verdict was excessive.

Many of the requested charges were properly refused because they invaded the province of the jury. Many of those refused were fully cured by the oral and written requested charges.

[8] There is no merit in the assignments of error as to notice of injury and loss given to the insurance company in accordance with the terms of the policy. It appears that two separate notices were given the insurance company by the insured, and that no objection was then made as to the sufficiency of either; but the company declined to recognize liability as for any amount. That is, there was ample evidence to carry these questions to the jury, and they were properly submitted. As we have before stated, the fact that the first notice and claim as for loss was for a much shorter period of total and partial disability than the last was not conclusive against the right to recover as for the period specified in the last claim. There was no element of estoppel. The insurance company did not act upon the first claim to its detriment or injury. It seems to have denied all liability. If it had accepted the first claim and settled therefor, then that might have precluded the plaintiff from claiming as for a total disability thereafter; but it is not shown that the insurance company took any action on this claim further than to ignore it and deny all liability.

We find no error in this record prejudicial to the appellant, and hence the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.