## Bova v. Wyman Chemical Company et al.

*Nash & Mutzabaugh,* for claimant.

*Albert A. Griffin,* for defendants.

HUBBARD, P. J., February 8, 1944.—Defendant and the insurance carrier appealed from the decision of the Workmen's Compensation Board which awarded compensation to claimant, Edward Bova, reversing the decision of the referee.

From the evidence it may be deduced that claimant, Edward Bova, an employe of Wyman Chemical Company, defendant, at about five o'clock on the morning of May 18, 1941, while pushing a car loaded with charcoal, slipped and experienced a sharp pain in his left groin; while pushing the car, he was in a bent position, with his right hand in the rear of the car and his left hand on the spoke of the wheel; he con-

tinued to push the car about eight feet; he then sat down for about ten minutes, when the pain left him; he then resumed work and unloaded charcoal; an hour after the occurrence he vomited; his fellow-workman, who usually was with him, was later than claimant in arriving that morning and was not with claimant until after the accident; claimant, after resuming his work, continued at it until between ten and eleven o'clock that morning, at which time his day's work was finished; a little later the same morning, the claimant noticed a protrusion, about the size of a large marble, in his left side, and that he told his foreman about the occurrence the same morning. Claimant worked after May 18th, before going to a doctor. Whether this was for part of one day or for two or three days is not entirely clear from the testimony. The doctor found a hernia, and it is not disputed that claimant remained away from work on this account for 11 6/7 weeks, incurring medical and hospital expenses.

The court is limited to determining whether there is sufficient competent evidence to justify the findings of fact made by the board and whether the law has been properly applied thereto. The court may not make its own findings, contrary to the findings of the board, or reinstate findings of the referee which have been reversed by the board.

Since the findings and the award are in favor of claimant, the evidence, on appeal, must be viewed in the light most favorable to claimant.

Appellants aver that the board has erred in its fourth, fifth, eighth, and twelfth findings of fact and its second and third conclusions of law and in its order awarding compensation.

The differences between the findings of fact of the referee and the board are explainable, at least in part, by the fact that claimant's own testimony is not altogether consistent. The differences in the findings are, however, for the most part trifling. There was evi-

dence to support the board's finding (part of its fourth finding of fact) that the alleged accident occurred at 5 a.m., but whether at five o'clock or three-thirty is not, in our judgment, of much importance. The board's finding that claimant continued to push the car a distance of about eight feet (after his foot slipped and he experienced a sharp pain in his left groin), when he sat down for 10 minutes because of the pain, is justified by the evidence, though there was some evidence inconsistent therewith. The finding that claimant did not work on Sunday was probably based on an interpretation given by the board to the question asked foreman Asa Williams at page 23 of the testimony at the second hearing. In answer to the question, "And on Sunday he came on the job and worked 3 hours and made no complaint?" the foreman said, "No". This question might logically have been interpreted to contain three inquiries: (1) Did he work on Sunday? (2) If so, did he work three hours? (3) If so, did he make no complaint? The board evidently understood this "no" to mean that he did not work on Sunday. A possible interpretation of the meaning would be that he did work three hours on Sunday and made no complaint. At page 12 (second hearing) claimant testified that he worked about three hours on Sunday, the day after the injury, but did not do the same work as on the day of the injury. However, whether or not he worked the day after the injury is not, in our judgment, the controlling issue in this case.

The differences between the fifth and eighth findings of the referee and board are too insignificant to be of any consequence.

The eleventh finding of the referee was as follows:

"On May 10, 1941, claimant was performing his customary duties in the usual manner, and the mere slipping of his foot, as he alleges, was not sufficient to constitute an accident as contemplated by the Workmen's Compensation Act."

The board vacated this finding and made a finding, which it numbered "Twelfth", as follows:

"The board finds as a fact that the claimant sustained a hernia on May 10, 1941, while in the course of his employment with the defendant, which meets the requirements of section 306(h) of The Workmen's Compensation Act of 1939."

The board's second and third conclusions of law are in line with this twelfth finding of fact and take the place of those of the referee which found against claimant and were vacated by the board.

We agree with the board in concluding that the referee erred in deciding that the slipping of claimant's foot was not sufficient to constitute an accident within the meaning of The Workmen's Compensation Act. The board's conclusion is supported both by reason and authority. There is no reason to doubt the possibility that the slipping of claimant under the conditions to which he testified could have caused the hernia which manifested itself at once thereafter.

The correctness of the board's decision rests largely upon the question whether or not the injury necessitated "immediate" cessation of work by the claimant by section 306(h), added to The Workmen's Compensation Act of 1915 by the Act of June 21, 1939, P. L. 520, sec. 1, in order to bring the case within the meaning of that section.

The courts have been liberal in their construction of the word "immediate". See Scull v. Blosinski, 43 D. & C. 428.

"Cessation" means, according to Webster's Dictionary, "A ceasing or discontinuance, as of action, whether temporary or final, a stop; a *cessation* of hostilities." As synonyms, the following are given: "stop, rest, stay, pause, discontinuance, intermission, interval, respite, interruption, recess, remission." The statute uses this word, "cessation". It does not require that

there should be an absolute stoppage of work permanently or for any particular length of time. According to the board's finding, supported by the evidence, claimant did, after pushing the car about eight feet, and after slipping and experiencing a sharp pain in the left groin, sit down because of the pain. We cannot feel that the lawmakers intended to penalize an employe, such as claimant, for continuing for perhaps a few seconds, evidently, as indicated by the testimony, to get the car to a place of safety, before ceasing, for a period, from his work. At page 13 (first hearing), claimant testified: "I had to push the length of the car, and that was 8 feet. I had to push it the length." And at page 14, after stating that he "quit because of the pain", witness gave his reason for resuming his work, "and it kind of left me and I went to work again." Like any average workman, claimant evidently desired to keep on with his work until the usual time to quit.

The construction to be placed upon the words, "necessitating immediate cessation of work", is discussed at some length in Spencer v. Blanck's Transfer & Storage Co. et al., 45 D. & C. 253, in which case a liberal construction of these words is given, in line with decisions reviewed therein justifying such construction.

In the case of Ritter v. The Preferred Masonic Mutual Accident Association of America, 185 Pa. 90, the interpretation of an accident insurance policy was involved, though it was not a compensation case resulting from an accident causing a hernia. The syllabus of this case is as follows:

"In an action upon a policy of accident insurance, where it appears that the policy insures against loss of time resulting from bodily injuries which shall 'independently of all other causes immediately, wholly and continuously disable' the insured, it is not error for the court to charge that the word 'immediately' does not mean instantaneously, but that it means that

the disability must have resulted within a reasonable time after the injury, and that such reasonable time would be, under the circumstances of the case, three or four days."

Other cases in point are Sussick v. Glen Alden Coal Co., 108 Pa. Superior Ct. 593, Levitin v. Belmar Moving & Storage Co., 43 D. & C. 147, 89 Pitts. 575, and Leight v. Uhl Construction Co., 27 Dept. R. 1769.

Under the authorities above quoted or referred to, we are of the opinion that the board was justified in vacating the referee's second and third conclusions of law and entering an order granting compensation.

The board, in its order, fixed the compensation at the rate of $18 per week. Obviously, this was through an inadvertence. The testimony and the referee's third finding of fact, undisturbed by the board, fix the average weekly wage of claimant at $16.80, 66⅔ percent of which is $11.20, making a total of $132.80 for 11 6/7 weeks. Attorneys for appellants and appellee agree that this is the correct amount of compensation, in case the appeal is dismissed.

### Decree

And now, February 8, 1944, the appeal is dismissed, the order of the board is affirmed, except that the amount of compensation is, for the reasons above set forth, fixed at $132.80, instead of $213.43, and judgment is entered for $132.80 for compensation for total disability, at the rate of $11.20 per week, from May 20, 1941, to August 11, 1941, a period of 11 6/7 weeks, and for $125 for the amount owing to Dr. B. S. Bretherick, Coudersport, Pa., and for $73 for the amount owing to the Coudersport Hospital, making a total of $330.80, with interest at the rate of six percent per annum on the payments due on the compensation June 23, 1941, the day the claim was presented, from said date to date of payment, and on each weekly sum due thereafter, from its due date to date of payment.