# Aetna Life Insurance Co. *v.* Lasseter.

*Action on Insurance Policy.*

(Deided Dec. 19, 1907.   45 So. Rep. 166.)

1. *Appeal; Review; Question Presented; Assignment.*—An assignment of error presents the ruling on demurrer as a whole which asserts that the court erred in overruling demurrers 1, 2, 3, and 4 to plaintiff's replications 1, 2 and 3, and if one ground of demurrer was properly overruled the assignment is not sustained.

2. *Same; Striking Out; Record.*—Where the replication and the motion is not set out in the bill of exceptions the granting of a motion to strike defendant's rejoinder thereto cannot be reviewed.

3. *Insurance; Accident Policy; Liability of the Insurer.*—An insured is not entitled to recover on an accident policy where the insured was a law and stock agent for a railroad and received an injury which produced hernia, but did not disable him from engaging in any productive occupation, nor prevent him from performing one or more important daily duties pertaining to a productive occupation, and caused no loss of time from business; the policy providing for the weekly indemnity for loss of time, if, through external, violent, or accidental means, insured should be wholly disabled, or if not so wholly disabled, he should be prevented from performing any productive occupation, or that on disability due from unnecessary exposure to obvious risk, etc., or due to hernia, the company's liability should be one fifth of the amount otherwise payable.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by R. A. Lasseter against the Aetna Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

JERE MURPHY, for appellant. The evidence proves the special pleas and the court erred in giving the general charge for appellee and in refusing a like charge to appellant.—*U. B. Soc. v. Freeman*, 36 S. E. 764; *Lyon v. R. P. A. Co.*, 46 Ia. 631; *Merrill v. Traveller's I. Co.*, 64 N. W. 1039; *Baltimore E. R. Asso. v. Post*, 9 Am. St.

[Aetna Life Insurance Co. v. Lasseter.]

Rep. 147; 22 N. Y. Sup. 801; *Brooks v. Continental Ins. Co.,* 21 South. 13.

E. H. FOSTER, and G. P. COOPER, for appellee. No brief came to the Reporter.

DENSON, J.—This action is based on an accident insurance policy, and by it the plaintiff seeks to recover on account of an alleged injury, which, it is alleged in the complaint, produced hernia, resulting in permanent disability to the plaintiff. Six pleas are filed by the defendant in answer to the cause of action. The first is the general issue; the third was stricken on the ground that it presented only the general issue; the second sets up failure to give the defendant notice of the injuries, as required by the terms of the policy; the fourth sets up failure to give notice of the injuries and to file with defendant proof thereof; and the fifth and sixth set up, in varying forms, failure to give notice and proof. The plaintiff filed replications numbered 1 and 2, to which, the minute entry shows, demurrer was interposed by the defendant and overruled by the court. These replications are to pleas 2, 4 and 5.

The sixth ground of assignment of errors presents for review the judgment of the court on the demurrer, and it is in this language: "(6) The court erred in overruling demurrers 1, 2, 3, and 4, filed by defendant (appellant) to plaintiff's replications Nos. 1, 2, and 3." Under our decisions this presents the ruling of the court on the demurrer as a whole. The first ground of the demurrer is a general one, and was properly overruled by the court; and therefore the appellant can take nothing by this ground in the assignment of errors.—*Western Railway of Ala. v. Arnett,* 137 Ala. 414, 34 South. 997;

*Mobile, Jackson & Kansas City R. R. Co. v. Bromberg, Adm'r, etc.,* 141 Ala. 258, 37 South. 395.

The next question attempted to be presented in respect to rulings on the pleadings is the granting of plaintiff's motion to strike defendant's rejoinder. This ruling of the court cannot be considered, because the replication is not set out in the bill of exceptions.—*Cottingham v. Greely-Barnham Grocery Co.,* 129 Ala. 200, 30 South. 560, 87 Am. St. Rep. 58; *Harrison v. Alabama Midland Railway Co.,* 144 Ala. 246, 40 South. 394.

This brings us to a consideration of the charges given for the plaintiff, and this involves a construction of the contract which forms the foundation of the suit. Section A of the contract is in this language: "In the sum of $20.00, twenty dollars (not to exceed his average weekly earnings), per week, against loss of time, not exceeding fifty-two consecutive weeks, resulting from bodily injuries effected during the term of this insurance, through external, violent, and accidental means, which shall, independently of all other causes, immediately, continuously, and wholly disable and prevent the insured from engaging in any productive occupation; or if such injuries shall not wholly disable the insured, as above, but shall immediately, continuously, and wholly disable and prevent him from the performance of one or more important daily duties pertaining to any productive occupation, or if, following a period of total disability, resulting from such injuries, he shall be in like manner partially disabled, the company will pay two-fifths of the weekly indemnity herein provided for total disability for the period of such partial disability, but not for more than twenty-six consecutive weeks, nor for any disability extending beyond fifty-two weeks, from the date of the injury, the amount found due being payable after the termination of such disability."

On account of the nature of the plaintiff's injury, section A must be construed in connection with condition 4 of the policy, which is in this language: "(4) In the event of death, loss of limb or sight, or disability due to unnecessary exposure to obvious risk of injury or obvious danger, or due to contact with poisonous substances other than to the septic poisoning of wounds accidentally inflicted, or due to hernia, the result of an accidental happening subsequent to the issue of this policy, or in the event of death due to sunstroke or freezing, or death following bodily injuries of which there existed external or visible marks upon the body of contusion or wound sufficient to cause death (accidental drowning only excepted), and an autopsy showed that such injuries contributed materially to the death of the insured, then in all cases referred to in this paragraph the limit of this company's liability shall be one-fifth the amount otherwise payable under this policy, anything to the contrary in this policy notwithstanding."

The defendant offered no evidence, and that offered by the plaintiff was without conflict. It may be summarized as follows: Plaintiff's occupation, at the time the policy was issued and at the time of his injury, was that of law and stock agent for the Southern Railway Company. While riding on a caboose of a freight train, in September or October, 1903, he received an injury which produced hernia. He consulted a physician, who fitted a truss on him, and he continued to wear it. There was no external injury, or appearance of external injury.. Plaintiff is not totally disabled, so as to prevent him from engaging in any productive occupation. In fact, the proof shows that from the injuries he received he was not prevented, and at the time of the trial had not been, "independently of all other causes, immediately, continuously, and wholly" disabled and prevented

"from engaging in any productive occupation." It further appears, without conflict in the evidence, that the plaintiff had not on account of his injury been prevented from the performance of one or more important daily duties pertaining to any productive occupation, and that he would not be. The evidence fails to show that the plaintiff has lost any time from his business; but, to the contrary, he testified himself that he had been attending to his duties as law and stock agent until recently, when he was promoted by being made stock agent at a higher salary than he had been receiving in the former position; that he could still attend to his duties, and had been attending to them ever since he was hurt. The evidence fails to show disability, within the meaning of the policy, entitling plaintiff to recover and it fails to show any loss of time. Therefore the court erred in giving the general affirmative charge requested by the plaintiff, and in refusing the affirmative charge as requested by the defendant.

It is unnecessary to notice other assignments of error. For the errors pointed out, the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.