# Marsicano v. City of Birmingham.

*Damages for Closing Place of Business.*

(Decided Feb. 3, 1910. 51 South. 608.)

1. *Contract; Breach; Recovery.*—Where the saloon of a saloon-keeper was closed by the city for a violation of its excise law and was permitted to be re-opened on a deposit by him with the city treasurer of a sum of money conditioned on the observance by him of the excise laws of the city, if the contract was valid, there could be no recovery under it, where it appeared that the party making the deposit had been convicted of a violation of the excise laws during the life of the contract; and if the contract was void as against public policy, the money was received by the treasurer as an individual, the parties were in pari delicto and the deposit could not be recovered.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Joseph Marsicano against the city of Birmingham to recover an amount of money deposited by him to insure his obedience to the excise laws of the city. Judgment for defendant and plaintiff appeals. Affirmed.

W. T. EDWARDS, for appellant.—The contract was illegal for several reasons.—Clark on Conrtacts, 374 and 414; 7 A. & E. Ency. of Law, 117. Counsel argues from this fact that the money could be recovered, and that it did not become the property of the city.

R. H. THACH, for appellee.—Under no aspect of the law could plaintiff recover in this case, for if the contract was valid and binding, the plaintiff himself violated it and forfeited the money; if invalid, the parties were in pari delicto, and the courts will leave them where they place themselves.

SAYRE, J.—It appears from the agreed statement of facts, upon which this cause was tried in the court below, that the appellant being engaged in the saloon business in the city of Birmingham in the year 1906, when that business was lawful, his place of business was in March of that year closed by the municipal authorities on account of appellant's violation of the excise law of the city. Thereupon, on appellant's request, he was allowed to reopen his place of business, upon his deposit with the treasurer of the city of the sum sued for, upon condition that said sum was to be returned to him if the excise laws of the city were not violated during the year 1906. It was further agreed that appellant had subsequently and during the year been convicted of a violation of the excise law of the city.

We need not look too deeply into the contract by which appellant deposited his money with the treasurer of the city. If it was a valid contract, its terms stand in the way of plaintiff's recovery. If, as is contended, it was void, as offensive to public policy, then the money was received by the treasurer as an individual, the parties were in pari delicto, and the law will not intervene for the relief of either, but will leave them to their own devices. In no event can the appellant recover of the city of Birmingham.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.