(101 So. 750)

## GEE v. ALABAMA PROTECTION & AID ASS'N. (6 Div. 212.)

(Supreme Court of Alabama. Oct. 30, 1924.)

**1. Insurance ⬅629(1) — Count substantially following Code form was not demurrable.**

In action for sick benefits under insurance policy, a count which substantially followed Code form (Code 1907, p. 1196), with such difference in phraseology as was made necessary by the particular character of policy sued on, was not demurrable.

**2. Abatement and revival ⬅40 — Objection that complaint shows on its face suit was prematurely brought may be taken by demurrer.**

Objection that complaint shows on its face suit was prematurely brought may be taken by demurrer.

**3. Appeal and error ⬅1040(4)—Error in sustaining demurrer to count 1 held harmless, in view of properly sustained demurrer to count 2, seeking same recovery.**

Where counts 1 and 2, to which demurrers were sustained, sought the same recovery, the second count merely stating cause of action more in detail and disclosing that action was prematurely brought, thus making it demurrable, error in sustaining demurrer to first count was harmless.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Action by Spencer Gee against the Alabama Protection & Aid Association on a policy of insurance. Following adverse rulings on pleading, plaintiff takes a nonsuit, and appeals. Transferred from Court of Appeals, under Acts 1911, p. 450, § 6. Affirmed.

Festus F. Windham, of Birmingham, for appellant.

There was error in rulings on demurrer to the complaint. Code 1907, § 5382 (12); East Pratt Coal Co. v. Jones, 16 Ala. App. 130, 75 So. 722.

Brown & Ward, of Tuscaloosa, for appellee.

Count 2 was subject to demurrer, and error, if any, in sustaining demurrer to count 1, was without injury. Knights, etc., v. Gillespie, 14 Ala. App. 493, 71 So. 67; rule 45, Supreme Court, 61 So. ix.

GARDNER, J. Suit by appellant against appellee to recover sick benefits, as provided in an insurance policy issued by defendant to the plaintiff.

[1, 2] Plaintiff stated his cause of action in two counts. The first followed substantially the Code form (Code 1907, p. 1196), with such difference in phraseology made necessary by this particular character of policy, and it was sufficient. The second count was more in detail, and the policy was made an exhibit thereto, and a reference to paragraph 17 thereof indicates, in connection with the date of bringing the suit, that the action for recovery was prematurely brought. There were demurrers to each count of the complaint, and one of the assignments of demurrer takes the point that the complaint shows upon its face the suit was prematurely brought. It thus appearing on the face

of the complaint, the point may be taken by demurrer. 31 Cyc. 291. The court sustained the demurrer to the complaint. As to count 1, this was error; but, as to count 2, it does not appear to be questioned by counsel for appellant that this count was subject to the demurrer interposed.

[3] There was a nonsuit, but no bill of exceptions appears. It is not questioned that the two counts sought the same recovery, the latter count stating the cause of action more in detail. This count disclosing the action as prematurely brought, probable injury to plaintiff in sustaining demurrers to the first count is not made to appear. It is error without injury, and reversible error is therefore not shown.

Let the judgment· be affirmed.

Affirmed.

. ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.