### ELLIS v. NEW YORK LIFE INS. CO.
### (5 Div. 923.)

(Supreme Court of Alabama.   Nov. 5, 1925. Rehearing Denied.   Jan. 21, 1926.)

**1. Insurance** ⬤⇒516—**Insured held not wholly disabled so as to be permanently and continuously prevented from engaging in any occupation for remuneration or profit within disability clause of life insurance policy.**

Insured, whose rheumatic condition so improved that he erected an oil station and successfully operated it and added to the business sale of automobile tires, *held* not "wholly disabled by bodily injury or disease so as to be permanently and continuously prevented from engaging in any occupation for remuneration or profit," within disability clause of life insurance policy.

**2. Insurance** ⬤⇒146(3)—**Ambiguous insurance policies construed favorably to assured.**

Insurance policies are not to be too literally construed, but if their provisions are susceptible of two constructions, consistent with object of obligation, one favorable to assured and other favorable to assurer, that construction will be adopted which is favorable to assured.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Insurance ☞668(11)—Total disability within life insurance policy a question of fact.**

Ordinarily, what constitutes total disability within meaning of life insurance policy is question of fact.

**4. Trial ☞142—Affirmative charge properly given where evidence not conflicting.**

Where evidence is without conflict, and contrary inference cannot reasonably be drawn therefrom, affirmative charge is properly given.

Appeal from Circuit Court, Chilton County; G. F. Smoot, Judge.

Action on a policy of life insurance by John T. Ellis against the New York Life Insurance Company. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Appellant seeks to recover of appellee stipulated sums claimed to be due under the permanent disability clauses in two certain life insurance policies issued to appellant February 27, 1920. The pertinent portions of these policies are as follows:

"Whenever the company receives due proof, before default in the payment of premium, that the insured before the anniversary of the policy on which the insured's age at nearest birthday is 60 years and subsequent to the delivery hereof, has become wholly disabled by bodily injury or disease so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit, and that such disability has then existed for not less than 60 days—the permanent loss of the sight of both eyes, or the severance of both hands or of both feet, or of one entire hand and one entire foot, to be considered a total and permanent disability without prejudice to other causes of disability—then. * * *

"*Life Income to Insured.*—One year after the anniversary of the policy next succeeding the receipt of such proof, the company will pay the insured a sum equal to one-tenth of the face of the policy and a like sum on each anniversary thereafter during the life time and continued disability of the insured. Such income payments shall not reduce the sum payable in any settlement of the policy. The policy must be returned to the company for indorsement thereon of each income payment. If there be any indebtedness on the policy, the interest thereon may be deducted from each income payment."

There was evidence tending to show that about six months after the issuance of these policies plaintiff was stricken with rheumatism which disabled him from working for a considerable period of time. The first anniversary of the policies was February 27, 1921. Plaintiff engaged in no work on account of the disease for the next year, and was paid the sum due under the total disability clauses for the year from February, 1921, to February, 1922. These sums were payable on each anniversary date of the policy provided the disability continued; and defendant filed special pleas to the effect that such disability did not continue until the next anniversary of said polices, but that plaintiff engaged in remunerative business in November, 1922, and so continued. The testimony was without conflict that plaintiff, in September, 1922, moved to Clanton, purchased a lot, and supervised the building of a gasoline station which was sufficiently completed to begin business November 1, 1922, and that he had successfully operated such business with his son since said time, and in January, 1923, added to the business the sale of automobile tires. He still suffered with rheumatism, however, and worked at times under some difficulty, but his condition improved. The situation is described in three letters, confessedly written by plaintiff, which were offered in evidence, as follows:

"Clanton, Alabama, Nov. 12, 1922.

"New York Life Ins. Co., Birmingham, Ala. Gentlemen: I am writing to tell you that I shall not file any claim for disability this time, as my condition has improved to where I while not by any means well, though I am much improved from my former condition, and while I suffer from the same effects every day of my life, though I do not feel like that I am totally disabled and will not until my condition is changed from what it is now. I have purchased a lot here, and I am just completing a modern filling and tire service station. And this is something I can look after even if I should get crippled up again. I am taking my boys in the business with me so if I should fall out they can carry it on, and as the older boy Latham is actively engaged in the work with me now. Mr. Toombs, I am very much pleased to tell you that I haven't had a 'spell with my heart' in something like two months and you will recall this was I thought one of the most serious troubles I had, and now practically the only trouble is with my feet and limbs and this is all below my knees, principally in my feet and ankles, and recently I have been able to wear some old shoes again. Clanton will be our permanent home from this on and we are buying a lot today and will soon build us a home here, and if this is in the Birmingham territory, you may have my business removed back to Birmingham, however it matters not to me as I had as soon it would be with the Montgomery office. I thank you for your many considerations of the past and if you drive this way any time be sure and stop and see me as I am located right on the highway in front of the courthouse. Both boys will be here also. Thanking you, I am,

"Very truly yours,
"[Signed]                    Jno. T. Ellis."

"Clanton, Alabama, Jan. 18, 1923.

"New York Life Ins. Co., Birmingham, Ala. Gentlemen:—I have a notice from Montgomery office notifying me of my premium due on February 10th, and amount is $250.05 which was the amount of the first and second payments made and last year while the premium was remitted it was I think only about $450, a dividend having accrued on it, and while of course

it was my understanding the disability was to in no way affect my policy. Later a credit mem. may come from this however I am writing for information. I am getting along reasonably well, however I am not near well, as I have yet been able to wear my shoes, and I suffer with my feet every day of my life though I am able to attend to my business reasonably well and as long as I can do this I will of course claim no further disability. I ordered my address changed to Clanton, and I want to know whether or not since I have moved here that I shall settle with the company office or with you. Thanking you for this information, I am,

"Very truly yours,

"[Signed]              Jno. T. Ellis."

"Clanton, Alabama, Jan. 22, 1923.

"New York Life Ins. Co., New York City. Gentlemen: There has been some correspondence between myself and Mr. Toombs your Birmingham manager regarding my claim for disability. I wrote Mr. Toombs some three or four weeks ago, that I would not file any claim for disability for the coming year of Feb. 10th, that is for waiver of my premium for 1923, and I still say my condition would not justify me in filing this claim, as my condition has improved very much and specially since September, as I have only one right bad spell and that was early in November. I want it understood that I am not by any means well, as there is not a day or night that I do not suffer some and specially at nights and I have never been able to wear shoes, not even in the very worst of weather, and my feet are sore and swollen today as they are every day. I have bought me a lot and erected me a filling station here and with the help of my boys I am able to manage it very well, and so long as I am able to do this I do not feel like I am entitled to my waiver of premiums coming due in Feb. 10th, 1923. Some days ago I sent Mr. Toombs my two policies to forward to you for indorsement for the payments due on Feb. 10th, 1923, and he returned the policies telling me there was nothing due me, and as I understand it the $1,000 you paid me last Feb. 1st, was for 1922, and that on Feb. 1st, 1923 you would be due me another $1,000. I disagreed with Mr. Toombs very much on this as it was my understanding all the time that the disability would not be paid until the expiration of the year, and on Feb. 10th, 1922, you would be due me another thousand dollars.

"I have a letter signed by one Mr. A. R. Graw, New York City, setting out in detail the dividends matter which I first declare to Mr. Toombs I did not receive, however it was reduced to $6.80 and was so small that without looking up all the correspondence in the matter until I had forgotten it, and I want to say this was satisfactory at the time I accepted and wish to say I am still satisfied with the explanation of this letter under date of Feb. 28th, 1922.

"I am enclosing the two policies for your indorsement for the payments due me on Feb. 10th of $1,000, and when you are through with them you may return them to me at Clanton, Alabama, as I am living here now. Thanking you, I am,

"Very truly yours,

"[Signed]              Jno. T. Ellis."

Plaintiff continued the operation of the filling station, and was so operating it at the time of the trial. Upon the conclusion of the evidence the court gave, at the written request of defendant, the affirmative charge in his favor, and from the judgment following plaintiff prosecutes this appeal.

Grady Reynolds, J. O. Middleton, and O. L. Reynolds, all of Clanton, for appellant.

It is only where there is no evidence tending to establish plaintiff's case that the court may direct a verdict for defendant. McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Jones v. Bell, 201 Ala. 336, 77 So. 998; Watts v. Metropolitan L. I. Co., 211 Ala. 404, 100 So. 812; B. F. Kay & Son v. Ala. C. & G. Co., 211 Ala. 454, 100 So. 863; U. S. Cas. Co. v. Perryman, 203 Ala. 212, 82 So. 462.

Stokely, Scrivner, Dominick & Smith and J. M. Gillespy, Jr., all of Birmingham, for appellee.

A contract of insurance cannot be given an interpretation at variance with fair sense and meaning of the language in which it is expressed. 14 R. C. L. 925; Ætna Life Ins. Co. v. Lasseter, 153 Ala. 630, 45 So. 167, 15 L. R. A. (N. S.) 252.

GARDNER, J. The suit is for recovery on two life insurance policies under the total disability clauses therein. The action of the trial court in giving the affirmative charge for the defendant is the only question here presented. These clauses and the salient features of the evidence appear in the report of the case.

The sums claimed were payable on the anniversary of the policies and conditioned upon the continued disability. As a condition to the right of recovery under these clauses the policies provided that the insured should have become "wholly disabled by bodily injury or disease so that he is and will be presumably thereby permanently and continuously prevented from engaging in any occupation for remuneration or profit." During a portion of the period for which suit is brought the evidence shows such disability, but plaintiff's testimony and the admission contained in the letters written to the defendant company disclose that in September, 1922, his condition had so improved that he erected an oil station, and had successfully operated the same since November 1, 1922, and added to the business the sale of automobile tires. In his letters plaintiff stated he would file no claim for disability, as his "condition had improved very much," and that he was able to attend to his business "reasonably well"—adding, "and as long as I can do this I will of course claim no further disability."

[1] We are persuaded the case comes within the influence of Ætna Life Ins. Co. v. Lasseter, 153 Ala. 630, 45 So. 166, 15 L. R. A. (N. S.) 252, wherein it was held from the evidence then offered, that plaintiff was "not totally disabled, so as to prevent him from engaging in any productive occupation," and

that the affirmative charge was due to be given the defendant.

[2] Appellant relies upon the authority of U. S. Casualty Co. v. Perryman, 203 Ala. 212, 82 So. 462, to which we may add that of Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909. These cases recognize the well-established rule that insurance policies are not to be too literally construed, but if their provisions are susceptible of two constructions, consistent with the object of the obligation, the one favorable to the assured and the other favorable to the assurer, that will be adopted which is favorable to the assured. Under this rule these authorities hold that, to constitute "total disability" in the connection used in the policies there under consideration, it is not necessary that an injury should render the insured physically unable to transact any kind of business pertaining to his occupation, but it is sufficient if the injury is such that common care and prudence require him to desist from transacting such business in order to effect a cure.

[3, 4] The instant case does not come within the influence of these authorities. There is nothing to indicate that plaintiff has engaged in a business from which common care and prudence would require him to desist in order to effect a cure; but, on the contrary, from his own admission as shown by the letters in evidence, his condition has continued to improve since reengaging in business. From his own testimony it cannot be said he has been permanently and continuously prevented from engaging in any occupation whatsoever for remuneration or profit during the term from February, 1922, to February, 1923. Ordinarily, what constitutes "total disability" is a question of fact (Travelers' Ins. Co. v. Plaster, supra); but where, as here, the evidence is without conflict, and contrary inference cannot reasonably be drawn therefrom, the affirmative charge is properly given. Such we concede is the situation presented in the instant case, and the action of the trial court in giving the affirmative charge for defendant is approved.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.