153 So. 198

**JEFFERSON STANDARD LIFE INS. CO.**
**v. SIMPSON.**
8 Div. 531.

Supreme Court of Alabama.
March 1, 1934.

D. P. Wimberly, of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

ANDERSON, Chief Justice.

The complaint substantially conforms to those counts held sufficient in the cases of Police & Firemen's Ins. Ass'n v. Crabtree, 215 Ala. 36, 109 So. 156, and Gee v. Alabama Protection & Aid Ass'n, 212 Ala. 98, 101 So. 750, and the trial court did not err in overruling the defendant's demurrer to said complaint.

It seems that the defendant accepted the claim of the plaintiff for his right to compensation under the disability feature of the policy and settled with him accordingly from August, 1929, until April, 1931, but now contends that the disability of the plaintiff ceased at the last-mentioned date and therefore the permanent total disability was not continuous within the terms of the policy.

The defendant interposed the plea of the general issue and three separate pleas, and, while not committing this court to the sufficiency of each of said special pleas, the trial court overruled the demurrer to same, and the defendant cannot complain.

The trial court did not err in permitting the plaintiff to testify that "his health was so bad he could not look after his automobile business." In the first place, the objection should have been made to the question when asked and not by motion to exclude the answer. Again, it went to the very issue involved, and was not a forbidden conclusion, but a shorthand rendition of facts to which a lay witness could testify.

The trial court did not err in sustaining the objection to the letter of defendant's counsel calling upon the plaintiff to submit himself to a number of physicians at different times and places for a medical examination and which was written after the suit was brought. In the first place, no predicate was laid as to the authority of counsel to make the demand, but, waiving this, while the policy provides, "Any medical officer or adviser, or an appointee of the Company shall have the right to examine the person of the said Insured, in respect to any alleged disability, at any time and from time to time," that does not mean that the insured, at his own expense, should visit various physicians at different times and at different places to undergo such examinations. True, the letter said the defendant would "pay for your examination," but that would not include the plaintiff's expense and trouble for visiting Dr. Bass at Gadsden and Dr. Bridges at Scottsboro. The plaintiff was not therefore in default for not obeying the demand made in said letter, which was therefore irrelevant and immaterial.

The argument of twelfth assignment of error seems to group two rulings, one of which is treated above and which answers the argument. It is sufficient to say, however, that the examination of the plaintiff by Dr. Bogart and the result of same went to the very issue involved.

The trial court did not err in refusing the defendant's requested charges 1 and 2. They attempted to hold the plaintiff to the literal language of the policy, and were too narrow. This court, in passing on provisions in policies similar to the one involved, has followed the majority rule to the effect "that the 'total disability' contemplated in insurance policies does not mean, as its strict literal construction would require, a state of absolute helplessness, but means inability to do substantially all of the material acts necessary to the prosecution of insured's business or occupation, in substantially his customary and usual manner." New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547, 550; New York Life Ins. Co. v. McLean, 218 Ala. 401, 118 So. 753; Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909; U. S. Casualty Co. v. Perryman, 203 Ala. 212, 82 So. 462.

There was no error in refusing defendant's charge 3. If not otherwise faulty, it fails to hypothesize a proper or reasonable request for the examination such as would put the plaintiff in default.

We have considered all questions that have been argued as required by the rule, indeed,

have perhaps been overindulgent in this respect, and find no reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.